**TAN JIN LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40876–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 8, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Lisa Godbey Wood, United States Attorney, Kyle G. A. Wallace, Assistant United States Attorney, Augusta, GA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, and Hon. PIERRE N. LEVAL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Tan Jin Lin, a native and citizen of China, seeks review of an October 20, 2003 order of the BIA affirming the August 5, 2002 decision of Immigration Judge ("IJ") Gabriel C. Videla denying the petitioner's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Tan Jin Lin,* No. A 95 429 672 (BIA October 20, 2003), *aff'g* No. A 95 429 672 (Immig. Ct. N.Y. City August 5, 2002).

This Court reviews the IJ's decision where, as here, the BIA summarily affirms the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

In this case, the IJ found Lin's testimony incredible because she was unable to explain numerous inconsistencies between her testimony and her husband's testimony. Furthermore, Lin was unable to explain inconsistencies between her testimony and the documentary evidence she submitted. These are "specific, cogent reasons" that "bear a legitimate nexus" to the IJ's adverse credibility finding, regardless of any errors in the IJ's ruling. *Zhou Yun Zhang,* 386 F.3d at 74. Because the only evidence of a threat to Lin's life or freedom depended upon her credibility, the adverse credibility determination in this case precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Because Lin has not meaningfully challenged the IJ's denial of her CAT claim in her brief to this Court, that claim is waived and will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).